DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### MARCH TERM, 1897.

———————

ENOCH B. SCULL et al., appellants,

v.

J. PERCY BRINTON, respondent.

55 489
s55 747
f57 281

55 489
61 520

1. Proof that an owner of lands employed agents to sell the lands as mere real estate brokers will not be sufficient to establish authority in such agents to bind their principal by a written contract of sale.

2. The doctrine announced in *Lindley* v. *Keim, 9 Dick. Ch. Rep. 418*, re-affirmed.

———————

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *Brinton* v. *Scull, 35 Atl. Rep. 843*.

*Mr. August Stephany* and *Mr. Clarence L. Cole*, for the appellants.

*Mr. Lindley M. Garrison*, for the respondent.

The opinion of the court was delivered by

MAGIE, C. J.

The decree appealed from required the specific performance of an agreement in writing for the sale of lands belonging at its date to Enoch B. Scull, one of the appellants, to J. Percy Brinton, the respondent, which agreement was signed, not by Scull, but by Porter & Crowley as agents for him. The decree further required E. Bartine Johnson, the other appellant, who had taken a conveyance of the lands from Scull, after notice of the Porter & Crowley agreement, to convey the same to Brinton.

To justify such a decree, proof that Porter & Crowley had authority to bind Scull by such an agreement was essential. The case shows that they had no written authority from Scull. The contention was that such authority had been conferred by parol.

This court has lately had under consideration contracts for the sale of lands executed by an agent whose sole authority to thus bind his principal, the owner, was claimed to have been conferred by parol. Mindful of the easy opportunity for evading the provisions of the statute of frauds in respect to contracts for the sale of lands afforded by the settled doctrine that an owner who cannot make a valid contract for such sale except by writing, yet may confer authority by parol to make a contract in writing which will bind him, it was determined, without dissent, that proof of the conferring of such authority by parol must be clear and decisive; that the employment by an owner of a real estate agent or broker to sell lands, *i. e.*, to procure a purchaser for them, will not confer authority to bind the owner to sell by a contract in writing, and that proof of circumstances merely justifying the inference of employment as real estate broker will not justify an inference of a grant of power to execute a written contract of sale. *Lindley* v. *Keim, 9 Dick. Ch. Rep. 418.*

We have no desire to reverse or modify in any respect the adjudication in *Lindley* v. *Keim.*

An examination of the evidence in the case before us is con-

vincing that, tested by the views then expressed, there is no sufficient proof that authority to bind Scull by the written contract in question had been conferred upon Porter & Crowley. They were evidently employed as mere real estate brokers and no greater authority is shown.

For this reason the decree appealed from must be wholly reversed and set aside, with costs.

*For reversal*—The Chief-Justice, Collins, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Van Syckel, Bogert, Dayton, Hendrickson, Nixon—13.

*For affirmance*—None.